UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CBWB BKLN LLC, | |
|        Third-Party Plaintiff, | **ORDER TO SHOW CAUSE** |
| v. | 19-CV-4499 (HG) (TAM) |
| GARRISON ARCHITECTS LLP, | |
|        Third-Party Defendant. | |

**HECTOR GONZALEZ**, United States District Judge:

The Court has received the parties' status report dated June 2, 2022, which says that "the [p]arties have begun discussing the possibility for a mutual withdrawal of all claims and release" and indicates that the parties intend to provide another status update to the Court on June 15, 2022. ECF No. 65. The parties are hereby ORDERED to submit, on or before June 15, 2022, either a stipulation of voluntary dismissal that complies with Fed. R. Civ. P. 41, or a joint letter providing sufficient information for the Court to determine whether it has subject matter jurisdiction in this litigation, as further described in this Order.

The remaining parties' claims are all based on state common law, and the Court has never had federal question jurisdiction over any of the claims in this case. *See* ECF No. 18 ¶¶ 19–32; ECF No. 48 at 13–16. At the time that CBWB BKLN LLC ("CBWB") commenced its third-party claims against Garrison Architects LLP ("Garrison"), CBWB did not even allege that diversity of jurisdiction existed between them. ECF No. 18 ¶¶ 5–6. Instead, CBWB alleged that the Court had diversity jurisdiction over the claims asserted by the original parties to this case: Plaintiff CM and Associates Construction Management Limited Liability Company ("CM&A") and Defendants CBWB and Polcom USA, LLC ("Polcom"). *Id.* ¶ 5. CBWB therefore alleged

that the Court could exercise supplemental jurisdiction over its state law claims against Third-Party Defendant Garrison, pursuant to 28 U.S.C. § 1367. *Id.* ¶ 6.

However, the allegations made in the parties' various pleadings are insufficient to demonstrate that the Court had diversity jurisdiction over the claims between the original parties or whether the Court might independently have diversity jurisdiction over the third-party claims between CBWB and Garrison. CM&A's original complaint alleges only the states where CM&A, Polcom, and CBWB had their principal places of business and were organized. ECF No. 1 ¶¶ 1–3. CBWB's third-party complaint does the same for CBWB and Garrison. ECF No. 18 ¶¶ 3–4. These allegations do not provide the information necessary for the Court because all of these parties, except for Garrison, are limited liability companies, each of which "takes the citizenship of all of its members." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 615 (2d Cir. 2019). The citizenship of a limited liability partnership like Garrison similarly "depends on the citizenship of its partners: an LLP is treated as a citizen of every state of which its partners are citizens." *Roche Cyrulnik Freedman LLP v. Cyrulnik*, No. 21-cv-1746, 2022 WL 248050, at *6 (S.D.N.Y. Jan. 27, 2022); *see also Milberg, LLP v. Drawrah Limited*, 844 F. App'x 397, 399 (2d Cir. 2021).

The parties' citizenship is "measured 'against the state of facts that existed at the time of filing[.]'" *Matkal LLC v. VG Rush Corp.*, No. 18-cv-2833, 2019 WL 1748601, at *3 (E.D.N.Y. Apr. 18, 2019) (quoting *Grupo Dataflux v. Atlas Glob. Grp. L.P.*, 541 U.S. 567, 570–71 (2004)) (alteration in original). Accordingly, CBWB and Garrison must demonstrate that diversity of citizenship existed between CM&A, Polcom, and CBWB when CM&A's original complaint was filed, so that the Court may exercise supplemental jurisdiction over CBWB's and Garrison's claims against each other. *Liberty Mut. Ins. Co. v. Harvey Gerstman Assocs., Inc.*, No. 11-cv-

2

4825, 2012 WL 5289587, at *4 (E.D.N.Y. Oct. 24, 2012).  Alternatively, they may demonstrate that diversity of citizenship existed between CBWB and Garrison at the time CBWB filed its third-party complaint, so that the Court may independently exercise diversity jurisdiction over their claims against each other.  *Id.* at *3.

To address the concerns described above, if CBWB and Garrison have not filed a stipulation of voluntarily dismissal **by June 15, 2022**, they shall file on that date a joint letter no longer than three pages describing the following:

- The state(s) of citizenship of CBWB's member(s) as of the time CM&A filed its initial complaint, and as of the time CBWB filed its third-party complaint;

- The state(s) of citizenship of Garrison's partners as of the time CBWB filed its third-party complaint; and

- All information known to the current parties that might be indicative of the state(s) of citizenship of the members of former parties CM&A and Polcom as of the time CM&A filed its initial complaint.

SO ORDERED.

                                        */s/ Hector Gonzalez*
                                        HECTOR GONZALEZ
                                        United States District Judge

Dated: Brooklyn, New York
        June 10, 2022